UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ROBERT J. WISE                    :        3:10 CV 912 (CSH)
:
V.                                :
:
MICHAEL J. ASTRUE,                :
COMMISSIONER OF SOCIAL SECURITY   :        DATE: SEPTEMBER 15, 2010
:
--------------------------------------------------------- x

RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS

On June 10, 2010, plaintiff Robert J. Wise filed his Complaint in this action in which he seeks an order from this court to modify the decision of the Commissioner to award plaintiff a period of disability benefits and old-age retirement benefits at full retirement age as of January 1997. (See Dkt. #1). Five days later, Senior United States District Judge Charles S. Haight, Jr., referred this case to this Magistrate Judge. (Dkt. #3). On August 12, 2010, defendant filed the pending Motion to Dismiss and brief in support. (Dkt. #6).[1] Thirteen days later, plaintiff filed his brief in opposition. (Dkt. #7).

For the reasons stated below, defendant's Motion to Dismiss (Dkt. #6) is granted.

---

[1] Attached to defendant's brief are the following exhibits: affidavit of Patrick J. Herbst, sworn to July 3, 2010; copy of Notice of Decision-Unfavorable and copy of ALJ Zwecker's Decision, dated October 14, 2005 ["Hearing Decision"](Exh. 1); copy of Notice of Appeals Council Action and copy of Order of Appeals Council, dated January 11, 2006 (Exh. 2); copy of docket sheet in Wise v. Comm'r of Social Sec., 3:06 CV 333 (CFD)["2006 Wise case"](Exh. 3); copy of Judgment entered in the 2006 Wise case and copy of Judge Droney's endorsement order on defendant's Motion to Remand Under Sentence Six of 42 U.S.C. § 405(g), dated May 8, 2006 (Exh. 4); copy of Notice of Appeals Council Decision Unfavorable and the Decision of the Appeals Council, dated September 1, 2006 (Exh. 5); copy of Judgment entered in the 2006 Wise case, dated October 24, 2008 (Exh. 6); copy of the docket sheet from plaintiff's appeal to the Second Circuit, Wise v. Comm'r of Social Sec., 08-5420-cv (Exh. 7); and copy of the summons and complaint in this case, dated June 11, 2010 (Exh. 8).

## I. DISCUSSION

Plaintiff began receiving retirement benefits through the Social Security Administration in February 1994, when he turned 62 years old. (See Dkt. #6, Exh. 1, Hearing Decision at 1-2). Subsequently, plaintiff filed for disability insurance benefits on November 6, 1997, and on May 21, 1999, in a decision by an Administrative Law Judge ["ALJ"], plaintiff was found disabled as of January 13, 1996. (Id.). Plaintiff sought review by the Appeals Council as to his benefit amount awarded in the May 21, 1999 decision, and on September 4, 2003, the Appeals Council vacated the May 21, 1999 decision and remanded the case for further proceedings and a new decision. (Id.). On October 15, 2005, ALJ Bruce Zwecker filed his unfavorable hearing decision[2] in which he concluded:

> 1. Mr. Wise . . . started receiving retirement insurance benefits in February 1994; since he was then 62 years old, the amount of his benefit was reduced, pursuant to section 202(q) of the Social Security Act. 42 U.S.C. § 402(q). At that time his primary insurance amount (PIA) was $1,143.60. The law required that his benefit be reduced by $222.40 due to his taking early retirement at age 62. The resulting benefit was $912.20.[3]
>
> 2. Based on a subsequent application filed on November 6, 1997, an Administrative Law Judge issued a decision on May 21, 1999, finding that the claimant had been disabled since January 13, 1996. Consequently, Mr. Wise became entitled to disability insurance benefits, effective November 1996.
>
> 3. The claimant's correct month of entitlement is November 1996.
> . . .

Section 404.315 of Social Security Regulations, 20 C.F.R. § 404-315, provides

---

[2]In his decision, ALJ Zwecker noted that plaintiff is an attorney and he waived his right to representation. (Hearing Decision, at 1).

[3]Section 404.410(a), 20 C.F.R. § 404.410(a), provides, in relevant part:

The reduction in your primary insurance amount is based on the number of months of entitlement prior to the month you attain full retirement age. The reduction is 5/9 of 1 percent of each of the first 36 months and 5/12 of 1 percent for each month in excess of 36.

that an individual is entitled to disability benefits while disabled if he or she has been disabled for 5 full consecutive months; however, this five-month "waiting period" can begin no earlier than the 17th month before the month of application, "no matter how long you were disabled before then." In other words, where, as here, the claimant filed his application for disability insurance benefits on November 6, 1997, and was found disabled beginning January 13, 1996, his waiting period covered June 1996 to October 1996, and his month of entitlement is November 1996 (despite his disability beginning on January 13, 1996). The effect of these provisions is to prevent an individual from being entitled to more than 12 months of benefits retroactive to the date of filing. . . .

    4. Claimant is receiving the correct amount of benefits.

(Hearing Decision, at 2-3)(footnote in original).

On January 11, 2006, the Appeals Council denied plaintiff's request for review (Dkt. #6, Exh. 2), and thereafter, plaintiff commenced a civil action in the federal court on March 6, 2006, which case was assigned to United States District Judge Christopher F. Droney. (Dkt. #6, Exh. 3; see Wise v. Comm'r of Soc. Sec., 3:06 CV 333 (CFD)). On May 9, 2006, Judge Droney granted the Commissioner's Motion to Remand the case for further proceedings under sentence 6 of 42 U.S.C. § 405(g); Judge Droney granted plaintiff's Motion to Reopen the Case on December 12, 2006 after the Appeals Council issued a decision affirming the ALJ's October 14, 2005 decision, and on July 16, 2007, United States Magistrate Judge Thomas P. Smith issued a recommended ruling granting defendant's Motion to Affirm the Decision of the Commissioner, and denying plaintiff's Motion for Summary Judgment. (Dkt. #6, Exh. 3, Dkts. ##1, 8-9, 13, 23, 27; see Dkt. #6, Exhs. 4-5).

Judgment entered in that case on October 24, 2008 and on November 5, 2008, plaintiff appealed the judgment to the Second Circuit Court of Appeals. (Id., Dkts. ##27-29; Dkt. #6, Exhs. 6-7). On September 15, 2009, the Second Circuit affirmed the order of the District Court and denied plaintiff's Motion to Vacate. (Dkt. #6, Exh. 7, at 5). Plaintiff filed

a Motion to Modify that decision, which was denied, and then he filed a Motion for Rehearing, which was also denied. (Id. at 5-6). Thereafter, on June 11, 2010, plaintiff filed his Summons and Complaint in this case in which he seeks again an order of the District Court modifying his entitlement to an unreduced period of disability benefits and old-age retirement benefits to January 1997.

Federal Rule of Civil Procedure 12(b)(6) "is an appropriate vehicle for testing a complaint with the defense of res judicata." Hackett v. Storey, No. 3:03 CV 395 (JBA), 2003 WL 23100328, at *2 (D. Conn. Dec. 30, 2003), citing Waldman v. Village of Kiryas Joel, 207 F.3d 105 (2d Cir. 2000)(additional citations omitted). Res judicata provides that a "final judgment on the merits bars a subsequent action between the same parties over the same cause of action." Channer v. Dept. of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008)(citation omitted). Res judicata applies when a second suit involves the same "claim" or "nucleus of operative fact" as the first suit, Waldman, 207 F.3d at 108 (citation & internal quotations omitted), and to make this determination, the court considers whether: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir.)(citations omitted), cert. denied, 531 U.S. 1035 (2000).

In the current action, plaintiff alleges jurisdiction pursuant to 42 U.S.C. § 405(g). Section 405(g) permits judicial review after "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." 42 U.S.C. § 405(g). The final decision of which plaintiff seeks review here is the decision of ALJ Zwecker, dated October

14, 2005, the same decision of which plaintiff sought review in his case before Judge Droney, which, as discussed above, was adjudicated on the merits. (See Dkt. #1). As discussed above, the prior action involved the same parties and the same claim as asserted in this case, and the United States District Court ultimately affirmed the decision of the Commissioner, and that decision was upheld on appeal to the Second Circuit. Thus, plaintiff, having exhausted his available judicial review on this case, seeks to relitigate the same issue by way of this new complaint.[4] Plaintiff's current action is barred by the doctrine of res judicata. Accordingly, defendant's Motion to Dismiss (Dkt. #6) is granted.

## II. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss (Dkt. #6) is granted.

The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. §636(b)**(written objection to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United

---

[4]Defendant is correct that to the extent that plaintiff seeks review of "any other potential claim," such claim would be barred as plaintiff has failed to exhaust his administrative remedies established by a final decision of the Commissioner made after a hearing. (Dkt. #6, Brief, at 5-8; see Dkt. #7, at 6 (plaintiff erroneously contends that the "ALJ decision of May 21, 1999 was not appealed and became the final decision of the case of the Commissioner.")). The only claim discussed in the ALJ's October 14, 2005 hearing decision was the claim at issue in this current action and not only had plaintiff exhausted his administrative remedies so as to permit judicial review on that claim, he then received a final adjudication on the merits.

Plaintiff contends that "a major development in the process . . . occurred in 2009, when the Commissioner (or counsel) recognized deficiencies in the Decision of October 14, 2005," by stating in the Government's Motion for Summary Affirmance before the Court of Appeals, that the Commissioner "agrees with and does not dispute the May 1999 ALJ finding that, based on the application filed on November 5, 1997, the claimant is entitled to a Period of Disability commencing January 13, 1996 . . . ." (Dkt. #7, at 8 (emphasis and internal quotations omitted); see Dkt. #1, at 3). According to plaintiff, "[t]he corrected Decision of October 2005," which is how plaintiff describes the foregoing statement of the Commissioner, "is a supplement to the Decision of 1999." (Dkt. #7, at 8). The language quoted above is the language used in the ALJ's October 15, 2005 decision, and that notwithstanding, despite plaintiff's contention otherwise, the Commissioner did not make a subsequent final decision regarding plaintiff's entitlement to benefits that would be subject to judicial review since his decision that was the subject of plaintiff's first civil action.

States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 15th day of September, 2010 at New Haven, Connecticut.

                                                <u>/s/ Joan G. Margolis, USMJ</u>
                                                Joan Glazer Margolis
                                                United States Magistrate Judge