UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT J. WISE, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | Civil No. 3:10-CV-912 (CSH) |
| : |  |
| MICHAEL J. ASTRUE, : |  |
| COMMISSIONER OF SOCIAL SECURITY, : |  |
|     Defendant. : |  |

**RULING DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff filed this action seeking review of a final decision of the Commissioner of Social Security. Plaintiff contends that errors were made in assessing the dates of his eligibility for disability and retirement benefits, which resulted in his not receiving the full benefit to which he is entitled. Defendant filed a motion to dismiss [Doc. 6] on the basis of res judicata, citing a prior proceeding on this question before District Judge Christopher Droney.[1]

Defendant's motion to dismiss was referred to Magistrate Judge Joan Glazer Margolis for consideration and a ruling. Her decision was rendered on September 15, 2010 [Doc. 8], familiarity with which is assumed. In sum, the Judge Margolis concluded that "The final decision of which plaintiff seeks review here is the decision of ALJ Zwecker, dated October 14, 2005, the same decision of which plaintiff sought review in his case before Judge Droney, which . . . was adjudicated on the merits . . . . [T]he prior action involved the same parties and the same claim as asserted in this case, and the United States District Court ultimately affirmed the decision of the Commissioner, and that decision was upheld on appeal to the Second Circuit." [Doc. 8 at 4-5]

Plaintiff objected to that recommended ruling [Doc. 9], raising many of the same

---

[1] Wise v. Comm'r of Social Sec., 3:06-cv-333 (CFD).

arguments that he had previously advanced in opposition to Defendant's motion to dismiss, which arguments were duly considered and addressed by Judge Margolis in the decision at issue. After careful consideration of the recommended ruling of the Magistrate Judge, Plaintiff's objections thereto, and the relevant portions of the record, the Court accepted and adopted the ruling of the Magistrate Judge, and granted Defendant's Motion to Dismiss on the basis of res judicata. [Doc. 12]

Plaintiff now moves for reconsideration of the adoption of the recommended ruling and the judgment of dismissal. [Doc. 14] Plaintiff's motion for reconsideration, and his reply brief thereto [Doc. 16] reiterate Plaintiff's previously-asserted contention that on June 3, 2009, the Commissioner issued additional or corrected findings to ALJ Zwecker's 2005 decision, and that "[a]ll administrative and judicial actions prior to June 3, 2009 are insignificant or overtaken by those findings." [Doc. 16 at 1] Judge Margolis thoroughly addressed this argument in footnote 4 of the Recommended Ruling, which states:

> Plaintiff contends that "a major development in the process . . . occurred in 2009, when the Commissioner (or counsel) recognized deficiencies in the Decision of October 14, 2005," by stating in the Government's Motion for Summary Affirmance before the Court of Appeals, that the Commissioner "agrees with and does not dispute the May 1999 ALJ finding that, based on the application filed on November 5, 1997, the claimant is entitled to a Period of Disability commencing January 13, 1996 . . . ." (Dkt. #7, at 8 (emphasis and internal quotations omitted); see Dkt. #1, at 3). According to plaintiff, "[t]he corrected Decision of October 2005," which is how plaintiff describes the foregoing statement of the Commissioner, "is a supplement to the Decision of 1999." (Dkt. #7, at 8). The language quoted above is the language used in the ALJ's October 15, 2005 decision, and that notwithstanding, despite plaintiff's contention otherwise, the Commissioner did not make a subsequent final decision regarding plaintiff's entitlement to benefits that would be subject to judicial review since his decision that was the subject of plaintiff's first civil action.

[Doc. 8 at fn. 4] 2010 U.S. Dist. LEXIS 112689 at *9-10. The Court agreed with Judge

Margolis's analysis when first considering her recommendation, and agrees with it today. Plaintiff, in his motion for reconsideration, gives the Court no reason to arrive at a different conclusion.

Accordingly, Plaintiff's Motion for Reconsideration [Doc. 14] is DENIED. The Court adheres to its ruling dismissing this case on the basis of res judicata.

SO ORDERED.

Dated at New Haven, Connecticut, this 18th day of February, 2011.

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge
